# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-965V
Filed: May 12, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * | * | UNPUBLISHED |
| LAWR-ALEA WALTON, *on behalf of* | * | |
| A.W., *a minor*, | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * | * | |

<u>Karl J. Protil, Jr.</u>, Shulman, Rogers, Gandal, Pordy & Ecker, Potomac, MD, for petitioner.
<u>Michael P. Milmoe</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 6, 2013, Lawr-Alea Walton ("petitioner") filed a petition on behalf of A.W., a minor, pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that, as a result of receiving an influenza ("flu") vaccination on October 11, 2010, A.W. developed narcolepsy and cataplexy. Petition at Preamble. On March 4, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. The undersigned issued a Decision pursuant to the parties' stipulation on March 8, 2016.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Petitioner filed an amended motion for attorneys' fees and costs on May 10, 2016,[3] requesting $16,048.92 in attorneys' fees and costs. Petitioner's ("Pet'r's") Amended Application ("App.") at 1, 5, 7-9. In accordance with General Order #9, petitioner's counsel states that petitioner did not incur any out of pocket litigation expenses in this matter. Pet'r's Initial App. at 1. Petitioner's amended application states that "[r]espondent has reviewed Petitioner's Application and has no objections." Pet'r's Amended App. at 2.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned has reviewed counsel's time records and tasks performed, and finds them reasonable. The rates requested are consistent with the forum rates established as reasonable in McCulloch. The requested costs, which consist primarily of medical record costs and the filing fee, are also reasonable. Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $16,048.92 as follows:**

(1) **A lump sum of $16,048.92 in the form of a check payable jointly to petitioner and petitioner's counsel, Shulman, Rogers, Gandal, Pordy & Ecker, for attorneys' fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> s/Thomas L. Gowen
> Thomas L. Gowen
> Special Master

---

[3] Petitioner filed an initial application for attorneys' fees and costs on April 27, 2016. Pet'r's Initial App. Pursuant to the undersigned's May 2, 2016, Order, petitioner was asked to re-file her application providing more information about the individuals who performed work on the case and requesting rates in line with McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). See Order, dated May 2, 2016.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.